UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NICHOLAS AUSTIN ROBERTS,

    Plaintiff,

vs.

RED CRAB WEST PALM BEACH LLC and
JIAN CHENG CHEN,

    Defendants.

## COMPLAINT

Plaintiff, NICHOLAS AUSTIN ROBERTS, (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, RED CRAB WEST PALM BEACH LLC and JIAN CHENG CHEN (hereinafter, "Defendants"), for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act, as amended, 42 U.S.C. §§s 12181-12189 (hereinafter the "A.D.A"), 28 C.F.R. Part 36, *et seq*.

## JURISDICTION AND VENUE

**1.** Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

**2.** This Court has been given original jurisdiction as this is an action for declaratory and injunctive relief, attorney's fees, costs, and litigation expenses for unlawful disability discrimination in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), as amended, and 28 C.F.R. Part 36.

**3.** This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331 and the provisions of the ADA. Plaintiff seeks declaratory and injunctive relief

1

pursuant to 28 U.S.C. §§2201 and 2202.

4. Plaintiff is a resident of Palm Beach County, Florida, is *sui juris*, and is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").

5. Plaintiff is a visually impaired and legally blind person who requires assistive technology to read websites and mobile application content using his computer, phone, and other mobile devices. Plaintiff has Optic Nerve Dysplasia since birth and is legally blind. As such, he is a member of a protected class under the ADA, 42 U.S.C. §12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§36.101, *et seq.*, and 42 U.S.C. §3602(h). Plaintiff further is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purposes of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their respective and associated websites are in compliance with the ADA and any other applicable disability laws, regulations, and ordinances.

6. Because Plaintiff is legally blind, he cannot use his computer without the assistance of appropriate and available auxiliary aids, screen reader software, and other technology. Screen reader software translates the visual internet into an auditory equivalent. At a rapid pace, the software reads the content of a webpage to the user. "The screen reading software uses auditory cues to allow a visually impaired user to effectively use websites. For example, when using the visual internet, a seeing user learns that a link may be 'clicked,' which will bring him to another webpage, through visual cues, such as a change in the color of the text (often text is turned from black to blue). When the sighted user's cursor hovers over the link, it changes from an arrow symbol to a hand. The screen reading software uses auditory -- rather than visual -- cues to relay this same information. When a sight impaired individual reaches a link that may be 'clicked on,' the software reads the link to the user, and after reading the text of the link says the word

'clickable.'…Through a series of auditory cues read aloud by the screen reader, the visually impaired user can navigate a website by listening and responding with his keyboard." *Andrews v. Blick Art Materials, LLC*, 286 F.Supp.3d 365, 374 (E.D.N.Y.2017).

7. Defendant, RED CRAB WEST PALM BEACH LLC, a Florida limited liability company, that owns and/or operates the restaurant Red Crab Juicy Seafood, located at 6177 Jog Road, Suite D01-04, Lake Worth, FL 33467 (hereinafter, the "Premises" and/or "Subject Property"), in addition to the website https://www.houseofredcrab.com/ (hereinafter, the "Website"); which at all times material hereto, serves as an online extension of the physical business, offering customers information about the restaurant, such as location, hours of operation, menu, and contact details. The Website also provides additional services of ordering its goods and services online and scheduling the same for pickup at the Premises.

8. Defendant, JIAN CHENG CHEN, is the Owner, Manager, and Registered Agent of RED CRAB WEST PALM BEACH LLC, a Florida limited liability company, that owns and/or operates the Subject Property and Website.

9. Plaintiff's legal blindness limits him in the performance of major life activities, including sight, and he requires assistive technologies, auxiliary aids, and services for effective communication, including communication in connection with his use of a computer.

10. Plaintiff frequently accesses the internet. Because he is blind, to effectively communicate and comprehend information available on the internet and thereby access and comprehend websites, Plaintiff uses commercially available screen reader software to interface with the various websites.

11. At all times material hereto, Defendants were and still are an organization, and individual, that owns, operates, and/or controls a restaurant and website which is open to the

public. As the owners, operators, and/or controllers of this restaurant, Defendants are defined as a place of "public accommodation" within meaning of the ADA because Defendants are a private entity which owns, operates, and/or controls "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," per 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104.

12. Because Defendants are a restaurant open to the public, each of Defendants' physical restaurants is a place of public accommodation subject to the requirements of the ADA, 42 U.S.C. §12182, §12181(7)(E), and its implementing regulations, 28 C.F.R. Part 36. Defendants also own, control, maintain, and/or operate an adjunct website, https://www.houseofredcrab.com/ (the "Website"). One of the functions of the Website is to provide the public information on the locations of Defendants' physical restaurant. In addition, the Website allows users to order and, subsequently, arrange for in-store pickups of food and drink orders purchased online.

13. The Website also services Defendants' physical restaurants by providing information on available products, services, and other information that Defendants are interested in communicating to its customers.

14. Because the Website allows the public the ability to secure information about the locations of Defendants' physical restaurant, purchase and arrange for in-store pickups of food and drink orders purchased online, the Website has a nexus to, and is an extension of and gateway to, the goods, services, privileges, and advantages of Defendants' physical restaurant, which is a of public accommodation under the ADA. As an extension of and service, privilege, and advantage provided by a place of public accommodation as defined under the ADA, the Website is an extension of the services, privileges, and advantages made available to the general public

by Defendants at and through its brick-and-mortar location and business. Furthermore, the Website is a necessary service and privilege of Defendants' physical restaurant in that, as a critical point of sale for Defendants' restaurant, it enables users of the Website to make online purchases of Defendants' services that is also available for purchase in, from, and through its physical restaurant.

15. Because the public can view the Defendants' menu, view information about the Defendants' location, and place online orders through the Website for the same items that are offered for sale in, from, and through Defendants' physical restaurant, thus having the Website act as a critical point of sale for Defendants' services that is also sold in, from, and through the physical restaurant, order and arrange for in-store pickups of food and drink orders and purchased online. The Website is an extension of and gateway to the physical restaurant which is a place of public accommodation pursuant to the ADA, 42 U.S.C. §12181(7)(E). As such, the Website is a necessary service, privilege, and advantage of Defendants' brick-and-mortar restaurant that must comply with all requirements of the ADA, must not discriminate against individuals with visual disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages afforded the non-visually disabled public both online and in the physical restaurant.

16. At all times material hereto, Defendants were and still are an organization, and individual, owning, operating, and/or controlling the Website. Since the Website is open to the public through the internet, by this nexus the Website is an intangible service, privilege, and advantage of Defendants' brick-and-mortar restaurant that must comply with all requirements of the ADA, must not discriminate against individuals with visual disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services,

5

privileges, and advantages as afforded the non-visually-disabled public both online and in the physical restaurant. As such, Defendants have subjected themselves and the Website to the requirements of the ADA.

17. Plaintiff has been on Defendants' Website and is interested in patronizing, and intends to patronize in the near future, once the Website's access barriers are removed or remedied, Defendants' physical restaurant located in Lake Worth, Florida, and to check restaurant hours and menu pricing, purchase food online and arrange for in-store pickups of food purchased online. Plaintiff also intends to monitor the Website in the near future as a tester to ascertain whether it has been updated to interact properly with screen reader software.

18. The opportunity to shop Defendants' menu and food, order and arrange for in-store pickups of food purchased online from his home are important and necessary accommodations for Plaintiff because traveling outside of his home as a blind individual is often a difficult, hazardous, frightening, frustrating, and confusing experience. Defendants have not provided their business information in any other digital format that is accessible for use by blind and visually disabled individuals using screen reader software to the Plaintiff's knowledge and awareness.

19. Like many consumers, Plaintiff accesses several websites at a time to help plan his visits and to compare menu and food offerings, prices, services, sales, discounts, and promotions. Plaintiff may look at several dozen websites to compare features, discounts, services, promotions, and prices.

20. Beginning in August of 2024, Plaintiff attempted on a number of occasions to utilize the Website to browse through the available menu items and online offers, to educate himself as to the menu, sales, services, discounts, and promotions being offered, learn about the

brick- and-mortar restaurant, check restaurant hours, and check menu pricing with the intent to make a purchase through the Website or in, from, and through the physical restaurant located in Lake Worth, Florida. Plaintiff also attempted to access and utilize the Website in his capacity as a tester to determine whether it was accessible to blind and visually disabled persons such as himself who use screen reader software to access and navigate company websites.

21. Plaintiff utilizes available screen reader software that allows individuals who are blind and visually disabled to communicate with websites. However, Defendants' Website contains access barriers that prevent free and full use by blind and visually disabled individuals using keyboards and available screen reader software. These access barriers, one or more of which were experienced by Plaintiff, are pervasive, include the following (with reference to the Web Content Accessibility Guidelines ("WCAG") 2.1 Level A and AA):

    a) WCAG Success Criterion 2.1.1 – Keyboard

        Missing keyboard support prevented plaintiff from being able to click on photos on the About Us page. The keyboard navigation skips past them.

    b) WCAG Success Criterion 1.3.1 – Info & Relationships

        Improper headings in the About Us link which make it difficult to use his screen reader and to understand the page's structure.

    c) WCAG Success Criterion 2.4.4 – Link Purpose (In Context)

        Non-descriptive link text on the "Read More" button of the home page made it impossible for plaintiff to know what the function of the button was.

    d) WCAG Success Criterion 3.3.1 – Error Identification

        There were only red outlines, no descriptive error messages, on the form fields of the Contact Us page, which was confusing for plaintiff.

    e) WCAG Success Criterion 3.3.2 – Labels or Instructions

    The Contact Us page also failed to identify mandatory fields on the contact form, which prevented plaintiff from properly filling them out.

**f)**   WCAG Success Criterion 1.4.10 – Reflow

    Images on the home page improperly reflowed when plaintiff tried to use the Zoom function to magnify the content.

**g)**   WCAG 2.1 A F15

    Clickable controls should be keyboard accessible.

**h)**   WCAG 2.1 A F54 – Section 508

    Clickable controls should have an ARIA role.

**i)**   WCAG 2.1 A F25 – Section 508

    Document title must not contain placeholder text like "Untitled" or the page filename.

**j)**   ARIA 1.2 5.28

    Headings should not be empty.

**k)**   WCAG 2.1 A 4.1.2 Section 508

    iframe and frame elements must have a title attribute.

**l)**   WCAG 2.1 A F65 Section 508

    img elements must have an accessible name.

**m)**   WCAG 2.1 A F89 Section 508

    Links must have an accessible name.

**n)**   WCAG 2.1 A F2 Section 508

    Use semantic markup like strong instead of using the CSS font-weight property.

**o)**   WCAG 2.1 AA 1.1.3 Section 508

    Ensure that text and background colors have enough contrast.

**p)** WCAG 2.1 AA F78

> The CSS outline or border style on this element makes it difficult or impossible to see the link focus outline.

**q)** WCAG Success Criterion 2.1.1 – Keyboard

> Missing keyboard support prevented plaintiff from being able to click on photos on the About Us page. The keyboard navigation skips past them.

**r)** WCAG Success Criterion 1.3.1 – Info & Relationships

> Improper headings in the About Us link w makes it difficult for plaintiff to use his screen reader and in understanding the page's structure.

**s)** WCAG Success Criterion 2.4.4 – Link Purpose (In Context)

> Non-descriptive link text on the "Read More" button of the home page made it impossible for plaintiff to know what the function of the button was.

**t)** WCAG Success Criterion 3.3.1 – Error Identification

> There were only red outlines, no descriptive error messages, on the form fields of the Contact Us page, which was confusing for plaintiff.

**u)** WCAG Success Criterion 3.3.2 – Labels or Instructions

> The Contact Us page also failed to identify mandatory fields on the contact form, which prevented plaintiff from properly filling them out.

**v)** WCAG Success Criterion 1.4.10 – Reflow

> Images on the home page improperly reflowed when plaintiff tried to use the Zoom function to magnify the content.

22. Plaintiff attempted to locate an "accessibility" notice, statement, or policy on the Website that would direct him to a webpage with contact information for disabled individuals who have questions or concerns about, or who are having difficulties accessing, navigating, and communicating with, the Website; to no avail. Plaintiff, thus, was unable to receive any

meaningful or prompt assistance through the "accessibility" statement and "accessibility" link/widget/plugin to enable him to equally, quickly, fully, and effectively navigate the Website.

23. The fact that Plaintiff could not communicate with or within the Website left him feeling excluded, frustrated, and humiliated, and gave him a sense of isolation and segregation, as he is unable to participate in the same experience, with the same access to the menu, online ordering, merchandise, sales, services, discounts, and promotions, as provided at the Website and in the physical restaurant as the non-visually-disabled public.

24. Plaintiff desires and intends in the near future once the Website's access barriers are removed or remedied, to patronize Defendant's physical restaurant located in Lake Worth, Florida and to use the Website, but he is presently unable to fully and equally do so as he is unable to effectively communicate with Defendants due to his blindness and the Website's access barriers. Alternatively, as a tester using screen reader software, Plaintiff is unable to effectively access, navigate, and communicate with Defendants through the Website due to his blindness and the Website's access barriers. Thus, Plaintiff and others who are blind and with visual disabilities will suffer continuous and ongoing harm from Defendants' intentional acts, omissions, policies, and practices as set forth herein unless properly enjoined by this Court.

25. Because of the nexus between Defendants' physical restaurant and the Website, and the fact that the Website clearly provides support for and is connected to Defendants' physical restaurant for its operation and use, the Website is an intangible service, privilege, and advantage of Defendants' brick-and-mortar restaurant that must comply with all requirements of the ADA, must not discriminate against individuals with disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages as afforded the non-visually disabled public both online and in the physical

restaurant, which are places of public accommodation subject to the requirements of the ADA.

26. Upon information and belief, Defendants have not initiated a Web Accessibility Policy to ensure full and equal use of the Website by individuals with disabilities.

27. Upon information and belief, Defendants have not instituted a Web Accessibility Committee to ensure full and equal use of Website by individuals with disabilities.

28. Upon information and belief, Defendants have not designated an employee as a Web Accessibility Coordinator to ensure full and equal use of the Website by individuals with disabilities.

29. Upon information and belief, Defendants have not instituted a Web Accessibility User Accessibility Testing Group to ensure full and equal use of the Website by individuals with disabilities.

30. Upon information and belief, Defendants have not instituted a User Accessibility Testing Group to ensure full and equal use of the Website by individuals with disabilities.

31. Upon information and belief, Defendants have not instituted a Bug Fix Priority Policy.

32. Upon information and belief, Defendants have not instituted an Automated Web Accessibility Testing program.

33. Upon information and belief, Defendants have not created and instituted a useful and effective Specialized Customer Assistance line or service or email contact mode for customer assistance for the visually disabled.

34. Upon information and belief, Defendants have not created and instituted on the Website a useful and effective page for individuals with disabilities, nor displayed a proper link and information hotline, nor created a proper information portal explaining when and how

Defendant will have the Website, applications, and digital assets accessible to the visually disabled and/or blind communities.

35. The Website does not meet the Web Content Accessibility Guidelines ("WCAG") 2.1 Level AA or higher Levels of web accessibility.

36. Defendants have not disclosed to the public any intended audits or changes to correct the inaccessibility of the Website to visually disabled individuals who want the safety and privacy of viewing Defendants' menu and making online orders for Defendants' food and drink items offered on the Website and in the physical restaurant from their homes.

37. Defendants thus have intentionally and willfully failed to provide full and equal access to, and enjoyment of, the goods, services, facilities, privileges, advantages, and accommodations provided by and through the Website and the physical restaurant in contravention of the ADA.

38. Public accommodations under the ADA must ensure that their places of public accommodation provide effective communication for all members of the general public, including individuals with visual disabilities such as Plaintiff.

39. The broad mandate of the ADA is to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life. That mandate extends to internet e-commerce websites such as the Website at issue in the instant action.

40. Defendants are, and at all relevant times have been, aware of the barriers to effective communication within the Website which prevent individuals with visual disabilities from the means to comprehend information presented therein.

41. Defendants are, and at all relevant times have been, aware of the need to provide

full and equal access to all visitors to the Website.

42. The barriers that exist on the Website result in discriminatory and unequal treatment of individuals with visual disabilities, including Plaintiff.

43. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove, and this suit for declaratory judgment and injunctive relief is his only means to secure adequate and complete redress from Defendants' unlawful and discriminatory practices in connection with the Website's access and operation.

44. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§2201 and 2202.

45. Plaintiff has retained the undersigned attorneys to represent him in this case and has agreed to pay them a reasonable fee for their services.

## **COUNT I – VIOLATION OF THE ADA**

46. Plaintiff re-alleges paragraphs 1 through 45 as if set forth fully herein.

47. Pursuant to 42 U.S.C. §12181(7)(E), Defendant is a public accommodation under the ADA and thus is subject to the ADA.

48. Pursuant to 42 U.S.C. §12181(7)(E), the Website is covered under the ADA because it provides the general public with the ability to locate and learn about the locations of Defendants' physical restaurant, place online food and drink orders that is also available for purchase in, from, and through the physical restaurant, arrange for in-store pickups of food and drinks purchased online. The Website thus is an extension of, gateway to, and intangible service, privilege, and advantage of Defendants' physical restaurant. Further, the Website serves to augment Defendants' physical restaurant by providing the public information about the restaurant and by educating the public as to Defendants' available menu items sold through the

Website that is also available for purchase in, from, and through the physical restaurant.

49. Under Title III of the ADA, 42 U.S.C. §12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

50. Specifically, under Title III of the ADA, 42 U.S.C. §12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

51. In addition, under Title III of the ADA, 42 U.S.C. §12182(b)(2)(A)(III), unlawful discrimination includes, among other things, "a failure to take such steps, as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

52. Defendants' Website must comply with the ADA, but it does not, as specifically alleged hereinabove and below.

53. Because of the inaccessibility of the Website, individuals with visual disabilities are denied full and equal access to and enjoyment of the goods, information, and services that Defendants have made available to the public on the Website and in the physical restaurant in

violation of 42 U.S.C. §12101, *et seq*, and as prohibited by 42 U.S.C. §12182, *et seq*.

54. Defendants furthermore have not disclosed to the public any intended audits, or changes to correct the inaccessibility of the Website to visually disabled individuals. Defendants thus have failed to make reasonable modifications in its policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, in violation of 28 C.F.R. §36.302.

55. More violations may be present on other pages of the Website, which can and will be determined and proven through the discovery process in this case.

56. There are readily available, well-established guidelines on the internet for making websites accessible to the blind and visually disabled. These guidelines have been followed by millions of other business entities in making their websites accessible. Examples of such guidelines include, but are not limited to, adding alt-text to graphics, and ensuring that all functions can be performed using a keyboard. Incorporating such basic components to make the Website accessible would neither fundamentally alter the nature of Defendants' business nor would it result in an undue burden to Defendants.

57. Defendants have violated the ADA -- and continues to knowingly and willfully violate the ADA -- by denying access to the Website by individuals such as Plaintiff with visual disabilities who require the assistance of screen reader software to comprehend and access internet websites. These violations within the Website are ongoing.

58. The ADA requires that places of public accommodation ensure that communication is effective.

59. According to 28 C.F.R. §36.303(b)(1), auxiliary aids and services include "voice, text, and video-based telecommunications products and systems." Indeed, 28 C.F.R. §36.303(b)(2)

specifically states that screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

60. According to 28 C.F.R. §36.303(c), public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities: "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability," 28 C.F.R. §36.303(c)(1)(ii).

61. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations, and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

62. As alleged hereinabove, the Website has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication, and thus violates the ADA.

63. As a direct and proximate result of Defendants' failure to provide an ADA compliant Website with a nexus to its brick-and-mortar locations, Plaintiff has suffered an injury in fact by being denied full and equal access to, enjoyment of, and communication with Defendants' Website and its physical restaurant.

64. Because of the inadequate development and administration of the Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and 28 C.F.R. §36.303, to remedy the ongoing disability discrimination.

65. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff appropriate and necessary injunctive relief, including an order to:

    a) Require Defendants to adopt and implement a web accessibility policy to make publicly available, and directly link from the homepage of the Website, a functional statement of the policy to ensure persons with disabilities have full and equal access to and enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the physical restaurant through the Website.

    b) Require Defendants to take the necessary steps to make the Website readily accessible to and usable by blind and visually disabled users, and during that time period prior to the Website being made readily accessible, provide an alternative method for individuals with visual disabilities to access the information available on the Website until such time that the requisite modifications are made, and

    c) Require Defendants to provide the appropriate auxiliary aids such that individuals with visual disabilities will be able to effectively communicate with the Website for purposes of viewing and locating Defendant's physical restaurant and becoming informed of and purchasing Defendant's merchandise, and during that time period prior to the Website being designed to permit individuals with visual disabilities to effectively communicate, to provide an alternative method for individuals with visual disabilities to effectively communicate for such goods and services made available to the general public through the Website and the physical restaurant.

**66.** Plaintiff is entitled to recover his reasonable attorney's fees, costs, and expenses pursuant to the ADA. To that end, Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants for the following relief:

    **A.** A declaration that Defendants' Website is in violation of the ADA;

    **B.** An Order requiring Defendants, by a date certain, to update the Website, and continue to monitor and update the Website on an ongoing basis, to remove barriers in order that individuals with visual disabilities can access, and continue to access, the Website and effectively communicate with the Website to the full extent required by Title III of the ADA;

    **C.** An Order requiring Defendants, by a date certain, to provide ongoing support for web accessibility by implementing a Website accessibility

coordinator, a Website application accessibility policy, and providing for Website accessibility feedback to ensure compliance thereto;

D. An Order directing Defendants, by a date certain, to evaluate its policies, practices, and procedures toward persons with disabilities, for such reasonable time to allow Defendants to undertake and complete corrective procedures to its Website;

E. An Order directing Defendants, by a date certain, to establish a policy of web accessibility and accessibility features for the Website to ensure effective communication for individuals who are visually disabled;

F. An Order requiring Defendants, by a date certain, that any third-party vendors who participate on Defendants' Website to be fully accessible to the visually disabled;

G. An Order directing Defendants, by a date certain and at least once yearly thereafter, to provide mandatory web accessibility training to all employees who write or develop programs or code for, or who publish final content to, the Website on how to conform all web content and services with ADA accessibility requirements and applicable accessibility guidelines;

H. An Order directing Defendants, by a date certain and at least once every three months thereafter, to conduct both automated and manual accessibility tests of the Website to identify any instances where the Website is no longer in conformance with the accessibility requirements of the ADA and any applicable accessibility guidelines, and further directing Defendants to send a copy of the next twelve (12) quarterly reports to Plaintiff's counsel for review;

I. An Order directing Defendants, by a date certain, to make publicly available and directly link from the Website homepage, a statement of Defendants' Accessibility Policy to ensure the persons with disabilities have full and equal enjoyment of the Website and shall accompany the public policy statement with an accessible means of submitting accessibility questions and problems;

J. An award to Plaintiff of his reasonable attorney's fees, costs, and expenses; and

K. Such other and further relief as the Court deems just and equitable.

Respectfully submitted,

s/ Lauren N. Wassenberg

>Lauren N. Wassenberg, Esq. (FBN: 34083)
>    *Attorney for Plaintiff*
>Lauren N. Wassenberg & Associates, P.A.
>33 SE 4th St., Ste. 100
>Boca Raton, FL 33432
>(305) 804-5435
>WassenbergL@gmail.com
>
>s/ Glenn R. Goldstein
>Glenn R. Goldstein, Esq. (FBN: 55873)
>    *Attorney for Plaintiff*
>Glenn R. Goldstein & Associates, PLLC
>8101 Biscayne Blvd., Ste. 504
>Miami, Florida 33138
>(561) 573-2106
>GGoldstein@G2Legal.net